1    JANET M. HEROLD
      Regional Solicitor
2    CHERYL L. ADAMS (CSBN 208244)
      Senior Trial Attorney
3    United States Department of Labor
      Office of the Solicitor
4    90 7th Street, Suite 3-700
      San Francisco, CA 94103
5    Direct: (415) 625-7759
      Facsimile: (415) 625-7772
6    Email: Adams.Cheryl.L@dol.gov

7    Attorneys for Plaintiff, Seth D. Harris,
      Acting Secretary, U.S. Department of Labor
8

9              UNITED STATES DISTRICT COURT FOR THE

10             NORTHERN DISTRICT OF CALIFORNIA

11    THOMAS E. PEREZ,
      Secretary of Labor,
12    United States Department of Labor,     Case No.: C 14-1782 CW

13            Plaintiff,

14        v.                 **CONSENT JUDGMENT & ORDER**

15    GEORGE KIM, an individual; CHONG H.
      KIM, an individual, MYUNG S. KIM, an
16    individual, HAIR MAGIC BEAUTY
      SUPPLY, INC., a corporation, d/b/a BEAUTY
17    SUPPLY WAREHOUSE; CMK GROUP,
      INC., a corporation, d/b/a BEAUTY SUPPLY
18    WAREHOUSE; PRO STYLE, INC., a
      corporation, d/b/a BEAUTY SUPPLY
19    WAREHOUSE; and HAIR TECH, INC., a
      corporation, d/b/a BEAUTY SUPPLY
20    WAREHOUSE.

21           Defendants.

22      Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor

23    ("Plaintiff" or the "Secretary"), and Defendants GEORGE KIM, CHONG H. KIM, MYUNG S.

24    KIM, HAIR MAGIC BEAUTY SUPPLY, INC., d/b/a BEAUTY SUPPLY WAREHOUSE,

25    CMK GROUP, INC., d/b/a BEAUTY SUPPLY WAREHOUSE, PRO STYLE, INC., d/b/a

- 1 -

1  BEAUTY SUPPLY WAREHOUSE, and HAIR TECH, INC., d/b/a BEAUTY SUPPLY

2  WAREHOUSE (collectively, "Defendants") have agreed to resolve the matters in controversy in

3  this civil action and consent to the entry of this consent judgment ("Consent Judgment" or

4  "Judgment") in accordance herewith:

5      A.  The Secretary has filed a Complaint alleging that the Defendants violated

6            provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor

7            Standards Act of 1938, as amended ("FLSA" or "the Act"), 29 U.S.C. § 206, 207,

8            211(c), 215(a)(2) and (5).

      B.  Defendants acknowledge receipt of a copy of the Secretary's Complaint.

9      C.  Defendants acknowledge that they have retained counsel in this matter.

10    D.  Defendants waive issuance and service of process and waive answers and any

11         defenses to the Secretary's Complaint.

12    E.  The Secretary and Defendants waive Findings of Fact and Conclusions of Law.

13    F.  Defendants admit that the Court has jurisdiction over the parties and subject

14         matter of this civil action and that venue lies in the District Court for the Northern

          District of California.

15    G.  Defendants and the Secretary agree to the entry of this Consent Judgment without

16         contest.

17    H.  Defendants acknowledge that Defendants and any individual or entity acting on

18         their behalf or at their direction have notice of, and understand, the provisions of

19         this Consent Judgment.

20    I.  Defendants admit to violating Sections 6 and 15(a)(2), 29 U.S.C. §§ 206 and

21         215(a)(2) of the FLSA during the period from March 5, 2011, to July 21, 2013, by

22         paying employees wages at rates less than the applicable federal minimum wage

23         in workweeks when said employees were engaged in commerce and in the

          production of goods for commerce or were employed in an enterprise engaged in

24         commerce or in the production of goods for commerce, within the meaning of the

25         Act, as aforesaid.

J.  Defendants admit to violating Sections 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2) of the FLSA during the period from March 5, 2011, to July 21, 2013, by employing employees who were engaged in commerce or the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, for workweeks longer than forty hours, and failing to pay such employees compensation for their employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which he is employed.

K.  Defendants admit to violating Sections 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5), of the FLSA during the period from March 5, 2011, to July 21, 2013, by failing to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations found in 29 C.F.R. Part 516 that are issued, and from time to time amended, pursuant to section 11(c) of the Act.

Therefore, upon motion of the attorneys for the Secretary, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the FLSA, Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the FLSA, in any of the following manners:

1.  Defendants shall not, contrary to Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), employ any of their employees at rates less than the applicable federal minimum wage in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act.

2.  Defendants shall not, contrary to Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise

- 3 -

1  engaged in commerce or in the production of goods for commerce, within the meaning of the

2  Act, for workweeks longer than forty hours, unless such employee receives compensation for his

3  employment in excess of forty hours at a rate not less than one and one-half times the regular rate

4  at which he is employed.

5      3.    Defendants shall not fail to make, keep, make available to authorized agents of

6  the Secretary for inspection, transcription, and/or copying, upon their demand for such access,

7  and preserve records of employees and of the wages, hours, and other conditions and practices of

8  employment maintained, as prescribed by regulations issued, and from time to time amended,

9  pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the

10  implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

11     4.    Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any

12  employee to return or to offer to return to the Defendants or to someone else for the Defendants,

13  any money in the form of cash, check, or any other form, for wages previously due or to become

14  due in the future to said employee under the provisions of this judgment or the FLSA; nor shall

15  Defendants accept, or receive from any employee, either directly or indirectly, any money in the

16  form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee

17  under the provisions of this judgment or the FLSA; nor shall Defendants discharge or in any

18  other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such

19  employee because such employee has received or retained money due to him from the

20  Defendants under the provisions of this judgment or the Act.

21     5.    IT IS FURTHER ORDERED that Defendants shall not withhold payment of

22  $199,246.16 which represents the unpaid minimum wage and overtime compensation hereby

23  found to be due, for the period from March 5, 2011, to July 21, 2013, to the present and former

24  employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth

25  therein.

- 4 -

6.      Defendants shall further pay to the Secretary as liquidated damages the additional sum of $49,811.54, hereby found to be due, for the period from March 5, 2011, to July 21, 2013, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

7.      In addition, Defendants agree to pay $7,106 as civil money penalties to the Secretary for repeat and willful violations of Section 6 of the Act for the period from March 5, 2011, to July 21, 2013. Such penalties are authorized by Section 16(e)(2) of the FLSA, 29 U.S.C. § 216(e)(2), and have been assessed and finally determined.

8.      The provisions of subparagraphs 5, 6 and 7 herein will be deemed satisfied when Defendants comply with the following provisions:

a.      Within thirty calendar days of the entry of this Consent Judgment Defendants shall deliver to Director Susana Blanco, Wage and Hour Division, United States Department of Labor, 90 Seventh Street, Suite 12-100, San Francisco, California 94103 a schedule containing the last known (home) address, social security number, telephone number (if known), and amount of back wages for each person named in the attached Exhibit A.

b.      Defendants shall make the back wage and liquidated damages payments due under this Judgment, the total amount of which is $249,057.70, in installments, with an initial payment of $25,015.24 followed by five equal monthly payments of $44,808.49 each, commencing on April 30, 2014, with subsequent payments due on the thirtieth day of each month thereafter until paid in full. Defendants shall make payments by delivering to District Director Susana Blanco, a cashier's check or money order in the required amount, with the firm name of "Beauty Supply Warehouse" and "Back Wages and Liquidated Damages" written on it, payable to the order of the "Wage & Hour Div., Labor."

c.      Should Defendants fail to completely make any of the payments set forth above on or before the dates due, Defendants shall be in default. Upon default, the Secretary shall have

- 5 -

1  the option of accelerating payment of the unpaid balance by mailing a certified letter to

2  Defendants' last known address. If such option is exercised, the entire remaining balance shall

3  become immediately due and payable. Furthermore, Defendants will be subject to administrative

4  charges to cover debt collection of the unpaid balance and will accrue interest on the remaining

5  unpaid balance at the rate provided by 28 U.S.C. § 1961 from the date of this judgment until the

6  total amount is paid in full.

7       d.     No later than October 30, 2014, Defendants shall deliver to District Director

8  Susana Blanco, a cashier's check or money order for payment of the civil money penalty

9  described in subparagraph 7 in the amount of $7,106 with the firm name of "Beauty Supply

10  Warehouse" and "civil money penalties" written on it, payable to the order of the "Wage & Hour

11  Div., Labor.

12       9.     The Secretary shall allocate and distribute the back wages and liquidated

13  damages, less deductions for employees' share of Social Security and withholding taxes to the

14  persons named in the attached Exhibit A, or to their estates if that be necessary, in his sole

15  discretion, and any money not so paid within a period of three years from the date of its receipt,

16  because of an inability to locate the proper persons or because of their refusal to accept it, shall

17  be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29

18  U.S.C. § 216(c). The Secretary shall be responsible for deducting the employee's share of FICA

19  and federal income taxes from the backwage amounts paid to the persons named in the attached

20  Exhibit A, and for remitting said deductions to the appropriate federal agencies. The employer is

21  responsible for the employer portion of employment taxes on the backwages hereby found due.

22       10.     Within 30 calendar days of the entry of this Consent Judgment Defendants shall

23  amend and maintain their payroll practices to comply with the FLSA. To accomplish the

24  provisions of this paragraph:

25

-6-

b.     Defendants shall procure, if necessary, and install a time clock at each work location and ensure that each employee accurately records in the employer's records the time he/she: (i) begins work each day by the employee clocking/punching in as soon as the employee enters the worksite and/or employer's premises; (ii) begins any uninterrupted work-free meal period of 30 minutes or more by the employee clocking/punching out at the beginning of the lunch period; (iii) ends any uninterrupted work-free meal period of 30 minutes or more, by clocking/punching out at the end of the uninterrupted work-free meal period; (iv) ends work each day by the employee clocking/punching out just before the employee leaves the worksite and/or the employer's premises; (v) begins and ends any period, if any, when the employee is duty-free and thus not paid by the employee clocking/punching out.

c.     For each work week, Defendants shall sum the time indicated on the time records recorded on the time clock by each employee to identify the time worked each day and each workweek. Each pay period Defendants shall prepare a statement of hours worked by each employee for each day, week and pay period ("Work Hours Summary"). Such Work Hours Summary shall state the regular rate, which shall be calculated in full compliance with 29 C.F.R. §§ 778.108-09, as well as any amount deducted that pay period for any reason. Defendants shall calculate the half-time premium for hours worked over forty in each work week by dividing the regular rate in half.

d.     Defendants shall have each employee review his/her Work Hours Summary, write in corrections if necessary. Each hours worked summary shall contain a statement in English, Spanish and Korean that "Beauty supply Warehouse" must pay you for all hours worked, which includes all time that you are required to be on the employer's premises and are not free from duties. If you think Beauty supply Warehouse has not paid you for all hours you worked, you can call the U.S. Department of Labor to make a confidential complaint at 1-866-4US-WAGE." Immediately upon issuance and for two years thereafter, Defendants shall maintain copies of all

1  Work Hours Summary for inspection by the Department of Labor at any time and by any worker
2  at any time without prior request.

3      e.      Defendants shall pay nonexempt employees for all hours worked, including time
4  and one half for all hours worked over 40 in a workweek, regardless of whether such employees
5  are paid on "salary."

6      f.      Defendants shall record all hours worked by employees in the payroll records.

7      g.      Defendants shall maintain all timecards and payroll records for a period of not
8  less than three years.

9      h.      Defendants shall reflect all the amounts paid to employees, regardless of the
10  manner of payment, on the payroll records.

11      i.      Defendants shall not alter or manipulate time or payroll records to reduce the
12  number of hours actually worked by an employee.

13      j.      Defendants shall not direct supervisors or payroll preparers to falsify time or
14  payroll records in any manner including reducing the number of hours worked by employees.

15      k.      Defendants shall not request, require or otherwise cause employees to sign
16  inaccurate time records.

17      l.      Defendants shall post in break rooms and other common areas frequented by
18  employees Department of Labor- approved posters regarding the minimum wage and overtime
19  provisions of the FLSA. The posters shall be in English, Spanish and Korean and may be found
20  at http://www.dol.gov/WHD/pubs-by-language.htm.

21      11.     The filing, pursuit, and/or resolution of this proceeding with the filing of the
22  Consent Decree shall not act as or be asserted as a bar to any action under Section 16(b) of the
23  FLSA, 29 U.S.C. § 216(b), as to any employee not named on the Exhibit A attached to the
24  Consent Findings and incorporated hereto by reference, nor as to any employee named on the
25  Exhibit A for any period not specified herein for the back wage recovery provisions.

- 8 -

12.     Each party shall bear all fees and other expenses (including court costs) incurred by such party in connection with any stage of this proceeding to date.

13.     This Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of the Consent Decree.

Dated this ___19th___ day of _____ May ___, 2014

U.S. DISTRICT JUDGE

- 9 -

Dated: 4/14/74

GEORGE KIM, as an individual and owner of
HAIR MAGIC BEAUTY SUPPLY, INC., a
corporation, d/b/a BEAUTY SUPPLY
WAREHOUSE; CMK GROUP, INC., a
corporation, d/b/a BEAUTY SUPPLY
WAREHOUSE; PRO STYLE, INC., a
corporation, d/b/a BEAUTY SUPPLY
WAREHOUSE; and HAIR TECH, INC., a
corporation d/b/a BEAUTY SUPPLY
WAREHOUSE

Dated: 4/14/2014

CHONG H. KIM, as an individual and owner
of HAIR MAGIC BEAUTY SUPPLY, INC., a
corporation, d/b/a BEAUTY SUPPLY
WAREHOUSE; CMK GROUP, INC., a
corporation, d/b/a BEAUTY SUPPLY
WAREHOUSE; PRO STYLE, INC., a
corporation, d/b/a BEAUTY SUPPLY
WAREHOUSE; and HAIR TECH, INC., a
corporation, d/b/a BEAUTY SUPPLY
WAREHOUSE

Dated: 4/14 2014

MYUNG S. KIM, as an individual and owner
of HAIR MAGIC BEAUTY SUPPLY, INC., a
corporation, d/b/a BEAUTY SUPPLY
WAREHOUSE; CMK GROUP, INC., a
corporation, d/b/a BEAUTY SUPPLY
WAREHOUSE; PRO STYLE, INC., a
corporation, d/b/a BEAUTY SUPPLY
WAREHOUSE; and HAIR TECH, INC., a
corporation, d/b/a BEAUTY SUPPLY
WAREHOUSE.

Dated: April 14, 2014

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

By: _Cheryl L. Adams_
CHERYL L. ADAMS
Senior Trial Attorney

Attorneys for U.S. Department of Labor

- 10 -

**EXHIBIT A**

| Name | Period Covered | Minimum Wage | Overtime | Liquidated Damages | Total |
|------|----------------|--------------|----------|--------------------|-------|
| Miguel Cosme | 03/05/2011-07/21/2013 | 0 | 18,817.99 | 4,704.49 | 23,522.48 |
| Luis Montoya | 03/05/2011-07/21/2013 | 0 | 11,719.59 | 2,929.89 | 14,649.48 |
| Alejandro Soto | 03/05/2011-07/21/2013 | 0 | 12,005.54 | 3,001.38 | 15,006.92 |
| Hye OK Cha | 03/05/2011-07/21/2013 | 0 | 11,719.59 | 2,929.89 | 14649.48 |
| Socorro Ignacio | 03/05/2011-07/20/2013 | 0 | 6,620.10 | 1,655.02 | 8,275.12 |
| Un Ae Lewis | 03/05/2011-07/21/2013 | 18,533.04 | 16,678 | 8,802.80 | 44,013.84 |
| Elmer Murgia | 06/02/2012-06/01/2013 | 161.84 | 5,667.63 | 1,457.36 | 7,286.83 |
| Michael Martinez | 06/01/2012-06/16/2012 | 269 | 178.14 | 111.78 | 558.92 |
| Mario Zamora | 03/05/2011-07/21/2010 | 0 | 10,058.06 | 2,514.51 | 12,572.57 |
| Arturo Solano | 03/05/2011-07/21/2013 | 0 | 15,241.87 | 3,810.46 | 19,052.33 |
| Felix Pantoja | 03/05/2011-07/21/2013 | 0 | 5,119.42 | 1,279.85 | 6,399.27 |
| Estevan Duran Vadolla | 03/05/2011-07/21/2013 | 788.95 | 4,504.50 | 1,323.35 | 6,616.80 |
| Amanda Thornton | 03/01/2012-07/21/2013 | 0 | 7,057.37 | 1,764.38 | 8,821.75 |
| Alan Hernandez | 03/05/2011-7/20/2013 | 0 | 13,433.33 | 3,358.34 | 16,791.67 |
| Isais Ortiz | 03/05/2011-7/20/2013 | 0 | 13,548.02 | 3,387.00 | 16,935.02 |

- 11 -

| | | | | | |
|---|---|---|---|---|---|
| Amadeo Pantoja | 3/5/2011 - 7/20/2010 | 0 | 10,885.22 | 2,721.29 | 13,606.51 |
| Ana Solano | 05/05/2012- 10/31/2012 | 910.18 | 2459.83 | 842.49 | 4,212.50 |
| Emilio Bibliano | 03/31/2012- 06/30/2012 | 1,107.93 | 1,409.64 | 629.38 | 3,146.95 |
| Juan Carlos Soto | 06/30/2011- 04/30/2013 | 0 | 10,351.38 | 2,587.88 | 12,939.26 |
| TOTAL | | $21,770.94 | $177,475.22 | $49,811.54 | $249,057.70 |

- 12 -